# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JUDY A. CARLSON, | ) | No. 05 C 5975 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Der-Yeghiayan |
| | ) | |
| ILLINOIS COMMUNITY COLLEGE DISTRICT 525, | ) | |
| | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES Defendant, ILLINOIS COMMUNITY COLLEGE DISTRICT 525 ("Joliet Junior College"), by its attorneys, JOHN M. HYNES, AGELO L. REPPAS and CLAUSEN MILLER P.C., and hereby moves for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). In support thereof, Joliet Junior College states as follows:

1. FRCP 50(a)(1) sets forth the standard for granting a motion for judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

2. In deciding whether to grant a motion for judgment as a matter of law, a court must determine "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in a light most favorable to the party to whom the motion is directed." *Cygnar v. City of Chicago*, 865 F.2d

1

827, 834 (7th Cir. 1989). The court will grant the motion "only when there can be but one conclusion from the evidence." *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 636 (7th Cir. 1996). The court may not weigh the evidence, judge the credibility of the witnesses, or substitute its judgment of the facts. *Cygnar*, 865 F.2d at 834.

3. Under the standard set forth, Joliet Junior College is entitled to judgment as a matter of law on Plaintiff's retaliatory discharge claim because Plaintiff has not proven that she engaged in an activity protected under Title VII.

4. Plaintiff's complaint alleges that on July 28, 2003, she engaged in a protected activity when she filed a formal complaint with Diane Centner. The evidence presented at trial, however, does not support this allegation.

5. For one, Plaintiff has submitted no evidence that she filed a formal complaint with Diane Centner on July 28, 2003.

6 Further, Plaintiff's July 16, 2003 e-mail to Dr. Hardersen about Chief Comanda's use of the word "bitch" does not constitute a protected activity under Title VII. In the e-mail, Plaintiff did not complain about sexual harassment. Neither did she ask Dr. Hardersen to launch an investigation into the matter, or even request a meeting with him. A plaintiff will be found not to have engaged in a protected activity when the plaintiff relied on "[o]nly a groundless claim resting on facts that no reasonable person possibly could have construed as a case of discrimination." *Firestine v. Parkview Health Sys., Inc.*, 388 F.3d 229, 234 (7th Cir. 1994) (internal quotations and citation omitted).

7. Rather, Plaintiff simply asked Dr. Hardersen to instruct Chief Comanda not to use the word "bitch" in her presence. Dr. Hardersen forwarded the e-mail to John Byrnes, who spoke to Chief Comanda about the matter and informed him that the use of that word was

2

unacceptable. Chief Comanda did just as Plaintiff had requested: he did not use the word "bitch" in Plaintiff's presence again.

8. Finally, Plaintiff's letter to Dr. Hardersen dated July 23, 2003 and copied to Ms. Centner, stating that Plaintiff had filed an EEOC complaint with regard to the alleged discrimination by Chief Comanda, cannot form the basis for Plaintiff's retaliatory discharge claim. That is because Plaintiff notified Joliet Junior College of her EEOC complaint *after* Chief Comanda had already drafted his Termination Recommendation on July 19, 2003. As Chief Comanda's decision to terminate Plaintiff occurred before she filed an EEOC complaint, her termination could not have been retaliatory.

WHEREFORE, Defendant, Joliet Junior College, respectfully requests that this Court enter judgment as a matter of law in its favor on Plaintiff's retaliatory discharge claim.

Respectfully submitted,

*s/ Agelo L. Reppas*
AGELO L. REPPAS
CLAUSEN MILLER P.C.

JOHN M. HYNES
AGELO L. REPPAS
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603
(312) 855-1010
Attorneys for Defendant, Illinois Community College District 525